Burket, J.
In the argument of the plaintiff in ■error, it is urged that the court erred in certain rulings as to testimony, and that the verdict is not supported by sufficient evidence. This court *158 will not usually review a case upon the testimony, and find no occasion now to depart from the general rule. We think there was no error in the rulings of the court below upon the admission or rejection of testimony.
Objection is also made to certain parts of the charge. No exception is taken to any particular part of the eharg-e, but the exception is to the whole charge, and to every instruction contained therein. Such an exception presents no question for review on error.
Defendant below presented six several requests to charge, and the court gave the first and fifth requests, refused the third and sixth, and modified the second and fourth. The second, third, fourth and sixth requests, are as follows:
“ Second. If the jury shall find from the evidence that the defendant had employed competent inspectors, whose duty it was to inspect the train and car in question before the same left Columbus, and the same were so inspected with a view to determining whether the cars and their appliances, including the brake-wheels and staffs, were in proper repair, and if the jury find that at the time of such inspection the brake-wheel and staff were unsafe, but their unsafe condition was not detected, and could not be detected by the use of ordinary care of the inspectors, and by reason of such unsafe condition of said brake-wheel and staff the alleged injury occurred, the defendant is without fault, and there can be no recovery in this case, although the plaintiff exercised proper care in the discharge of his duties.
" Tim'd. If the jury shall find from the evidence, that there was such a defect in the brake-wheel and staff, as alleged in the petition, yet if the ex *159 istence of such defect at the time of the alleged accident was owing to the neglect of other operatives of the railroad, supposed to be competent, whose duty it was to have inspected said brake-wheel and staff at the Columbus yard, before the train left, but who neglected to do so, and negligently suffered the same to continue in use when not roadworthy, if such defect was unknown to the company, it was -not liable therefor, inasmuch as such delinquent inspector is to be regarded as a fellow servant of the brakeman in a common service, and the plaintiff cannot recover in this action.
“Fourth. A railroad company is not liable to an action for damages for an injury received by a brakeman of one -of its trains, in consequence of the insufficiency of or defects in the machinery or apparatus, of the train under his charg’e, where such insufficiency or defects were unknown to both the brakeman and the company and neither party was at fault.
‘ ‘ Therefore, if the company provided inspectors at the Columbus yard, whom it had reason to believe were competent, whose duty it was to carefully inspect the cars and their appliances before they were permitted to depart, and if the alleged accident occurred from the alleged defects of the brake-wheel and staff, without fault of plaintiff, he cannot recover in this action.
“ Sixth. If the rules of the company required the plaintiff to inspect the trains on which he acted as brakeman, the cars and the brake-wheel and staff and other machinery and appliances, before the same left the yards at Columbus, and see that the same were in proper and safe condition and ready for moving, and to report any defects *160 on cars or appliances to the proper officers of the company, and such rule was known to plaintiff and he failed to make such inspection, or so carelessly and negligently made such inspection that he did not discover any defect in the brake-wheel and staff in question, and the said brake-wheel and staff were then unsafe, but by reason of such failure of plaintiff to so inspect them, or by his so carelessly inspecting’ them, their unsafe condition was not discovered and so reported, and the alleged accident occurred by reason of such defect, then the plaintiff failed and negiected to perform his duty in that behalf, and such neglect will prevent him from recovering in this action. Provided the company used reasonable' care in the employment of competent persons to inspect said cars and brake-wheel and staff and appliances, before the plaintiff assumed his duties in respect to the same.”
The second request was modified and given as follows:
“ Second. If the jury shall find from the evidence that the defendant had employed competent inspectors, whose duty it was to inspect the train and car in question before the same left Columbus, and the same were properly inspected as defined in the court’s charge, with a view to determining whether the cars and their appliances, including the brake-wheels and staffs, were in proper repair, and if the jury find that at the time of such proper inspection the brake-wheel and staff were unsafe, but the unsafe condition was not detected and could not be detected by the use of ordinary care of the inspectors, and that by reason of such unsafe condition of said brake-wheel and staff the alleged injury occurred, the defendant is without *161 fault, and there can be no recovery in this case, although plaintiff exercised proper care in the discharge of his duties.”
The first paragraph of the fourth request was given, and the last paragraph refused. Was there error in the refusal to charge the third and sixth requests, or in modifying the second and fourth ?
All these requests are based on the law as it stood before the enactment of the statute of April 2, 1890. Ohio Laws, vol. 87, page 149. The case at bar arose, and was tried under this statute, and its provisions must govern in testing the correctness of the rulings of the court below, upon the questions of law arising on the trial.
The second section of the above mentioned act is as follows:
“Section 2. It shall be unlawful for any such corporation to knowingly or negligently use or operate any car or locomotive that is defective, or any car or locomotive upon which the machine^ or attachments thereto belonging are in any manner defective. If the employe of any such corporation shall receive any injury by reason of any defect in any car or locomotive, or the machinery or attachments thereto belonging, owned and operated, or being run and operated by such corporation, such corporation shall.be deemed to have had knowledge of such defect before and at the time such injury is so sustained, and when the fact of such defect shall be made to appear in the trial of any action in the courts of this state, brought by such employe, or his legal representatives, against any railroad corporation for damages, on account of such injuries so received, the same shall be prima facie evidence of negligence on the part of such corporation.”
*162 The presumption of knowledge of the defect, before and at the time of the injury, is, by this statute, chargeable to the company; and this statutory presumption can not be overcome by proof of facts which only raise a presumption that the company did not have such knowledge. Competent and careful inspectors are presumed to properly inspect the cars and their attachments, but such presumption would not overcome the statutory presumption of knowledge of defects before and at the time of the injury. It would take an actual and proper inspection, or its equivalent, to overcome the statutory presumption of knowledge of such defects.
It will be noticed that this section of the statute also provides, that in the trial of a personal injury case against a railroad company, the fact of such defect in its cars or their attachments, shall be prima facie evidence of negligence on the part of such corporation.
It will be noticed that it is not the servants, or such as are fellow servants, that are deemed guilty of negligence, but the corporation itself.
In such case when the plaintiff has shown that he was injured, and that such injury was caused by a defect in the cars or their appliances, the statute raises the presumption of negligence on part of the company, and the burthen of proof is thrown upon the company, to overcome thé prima facie case of negligence thus made by the statute.
It was claimed in this case that there was a chief inspector at the company’s yard at Columbus, having other inspectors under him. If so the chief inspector would not, by the provisions of the latter part of the third section of this statute, be a fellow servant of the brakeman, and therefore the *163 last paragraph of the fourth request, together with the third and sixth requests, assuming as they do, that all of the inspectors were of equal rank, were properly refused.
In view of the provisions of this statute it can not'be affirmed, as a matter of law, that the company was without fault, even though the jury should find as set forth in the second request. The defect in the brake existed, the company is presumed to have knowledge of the defect, no inspection of the brake was made, and no one can tell whether the defect could have been detected or not by a proper inspection, and hence it would be trifling with the jury, to submit to them an instruction, based upon a proposition entirely speculative in its character, and having no evidence to support it.
We And no error in the record.

Judgment affirmed.